NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR H. MARTINEZ-GONZALEZ, Petitioner, v. WILLIAM P. BARR, Attorney General, Respondent. | No. 16-73932 Agency No. A036-164-011 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Victor H. Martinez-Gonzalez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order denying his motion to

reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. § 1252. We

review for abuse of discretion the denial of a motion to reopen and review de novo

questions of law. *Bonilla v. Lynch*, 840 F.3d 575, 581 (9th Cir. 2016). We deny in

---

        *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Martinez-Gonzalez's motion as untimely, where it was filed approximately three years after his final administrative order. *See* 8 C.F.R. § 1003.2(c)(2). Martinez-Gonzalez did not demonstrate materially changed conditions in Mexico to qualify for the changed county conditions exception to the filing deadline. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

Martinez-Gonzalez has not identified any legal error underlying the BIA's denial of sua sponte reopening. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) (court can review BIA decisions denying sua sponte reopening only for the limited purpose of reviewing the reasoning behind the decision for legal or constitutional error). The changes in law raised in his motion are not material because the agency conducted a case-specific particularly serious crime analysis and did not rely on a determination that his conviction is an aggravated felony.

We lack jurisdiction to review Martinez-Gonzalez's unexhausted contention that he is now eligible for cancellation of removal. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

16-73932